IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH SENOSKI, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 10-524 |
| | ) |
| v. | ) Chief Judge Ambrose |
| | ) Magistrate Judge Bissoon |
| RICHARD NARVIN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

Kenneth Senoski is a state prisoner convicted of Aggravated Assault, Attempted Rape and related charges in the Court of Common Pleas of Allegheny County. He was sentenced to 12 ½ to 25 years imprisonment on November 14, 1997. Senoski's conviction was affirmed on direct appeal, and a subsequent proceeding under the Post Conviction Relief Act ("PCRA") resulted in a denial of relief. This is Kenneth Senoski's third attempt to file a Petition for Writ of Habeas Corpus concerning his state court conviction. His first habeas proceeding was filed at Civil Action No. 05-41, and relief was denied on the merits on March 22, 2006 (Doc. 14, Civil Action No. 05-41). Senoski's second petition, docketed at Civil Action No. 08-1725, was dismissed as an improper second or successive habeas petition on January 20, 2009 (Doc. 12, Civil Action No. 08-1725). Petitioner now seeks to raise additional arguments concerning his state court conviction and sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he or she has already raised in a previous federal habeas petition, the claim must be

dismissed. 28 U.S.C. § 2244(b)(1). If the prisoner asserts a claim that was not raised in a previous petition, the claim also must be dismissed unless it falls within one of two narrow exceptions. One exception is reserved for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. § 2244(b)(2)(B). The other exception relates to claims relying on new rules of constitutional law. 28 U.S.C. § 2244(b)(2)(A). In both instances, however, if a prisoner opts to file a second or successive section 2254 petition, AEDPA requires that he first seek authorization from the applicable court of appeals. 28 U.S.C. § 2244(3)(A).

Senoski has already filed a "first" petition for purposes of AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first successfully moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 28 U.S.C. § 2244(b)(3)(a). The lack of an order from an appellate court deprives a district court of jurisdiction over a successive petition. "We have made it clear that '[u]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition.'" Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007), quoting Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). Sensoski's instant Petition for Writ of Habeas Corpus will be dismissed.

A certificate of appealability will be denied because Senoski has not shown that jurists of reason would disagree that his federal habeas petition is a second or subsequent habeas petition. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but rather on a procedural ground); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

AND NOW, this 27th day of April, 2010,

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus filed by Kenneth Senonski is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                    s/Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States District Judge

Cc:
KENNETH SENOSKI
DJ-8862
S.C.I. at Laurel Highland
P.O. Box 631
Somerset, PA 15501-0631